FILED BY MP D.C.
NOV 26 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JENNIFER SAFKEN and

CHRISTOPHER SAFKEN,

Plaintiffs,

v. Case No. ______________

MAGICSOFT GRP, INC., et al.,

Defendants.

______________________________________/

**NOTICE OF REMOVAL**

TO THE CLERK OF THIS COURT AND TO ALL PARTIES OF RECORD:

Defendants Gabriel Bar Shany, Bella Cohen, and Shani Bar ("Removing Defendants"), appearing pro se, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452. In support of removal, Removing Defendants respectfully state as follows:

## I.

## THIS REMOVAL IS TIMELY FILED

1. This Notice of Removal is filed within thirty days of the state court's November 13, 2025 Order, and is therefore timely under 28 U.S.C. § 1446(b)(3).

2. The removal statute provides that where a case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

3. On November 13, 2025, the state court entered an Order purporting to determine that the automatic bankruptcy stay does not extend to the Removing Defendants. That Order—filed at Filing # 235711716—granted Plaintiffs' Motion to Determine Inapplicability of Bankruptcy Stay and declared that "litigation may proceed against Gabriel Bar Shany, Shani Bar, and Bella Cohen notwithstanding the pendency of the bankruptcy case."

4. The November 13, 2025 Order constitutes the "other paper" that first rendered this case removable. Prior to that Order, the automatic stay was in full force and effect by operation of federal law, and Removing Defendants were prohibited from participating in the state court proceedings. The state court's Order—erroneous though it may be—purported to lift that prohibition and thereby created a federal question requiring resolution by the bankruptcy court.

5. The Eleventh Circuit has held that the thirty-day removal period under § 1446(b)(3) begins when the defendant receives "unequivocal notice" that the case has become removable. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). The November 13, 2025 Order provided that unequivocal notice. This Notice is filed well within thirty days of that Order.

## II.

## BACKGROUND

6. In March 2025, Plaintiffs Jennifer Safken and Christopher Safken commenced this action in Miami-Dade Circuit Court, asserting claims arising from a GP Service Agreement. The Complaint names numerous defendants, including Magicsoft GRP, Inc. and the Removing Defendants.

7. Plaintiffs' own contract evidence identifies *Magicsoft Group Inc.* as the contracting party under the GP Service Agreement (Complaint Exhibit 3), not the named defendant Magicsoft GRP, Inc. These are separate and distinct legal entities.

8. On August 17, 2025, creditors filed an involuntary Chapter 7 bankruptcy petition against Magicsoft Group Inc. in the United States Bankruptcy Court for the Southern District of New York, Case No. 25-35888-KYP. Upon filing, the automatic stay under 11 U.S.C. § 362(a) took immediate effect as a matter of federal law.

9. Removing Defendants filed a formal Notice of Bankruptcy Filing with the state court, notifying all parties of the pending bankruptcy, the debtor's identity, and the automatic stay's application to these proceedings.

10. On November 6, 2025—less than 24 hours before a scheduled hearing—Plaintiffs filed a "Notice of Reliance" seeking a determination that the bankruptcy stay does not apply.

11. Following the November 7, 2025 hearing, the state court entered its November 13, 2025 Order granting Plaintiffs' motion.

## III.

## THIS COURT HAS SUBJECT MATTER JURISDICTION

### A. Bankruptcy Jurisdiction Under 28 U.S.C. § 1334

1. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), which confers upon district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

2. The test for "related to" jurisdiction asks whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The Eleventh Circuit has adopted this standard. *Miller v. Kemira, Inc.*, 986 F.2d 1534, 1536-37 (11th Cir. 1993).

3. This action satisfies the *Pacor* test. Each Removing Defendant is party to an Independent Contractor Agreement with Magicsoft Group Inc. containing mandatory indemnification provisions. These agreements require the corporate debtor to defend each contractor against all claims arising from their work and to indemnify them for all resulting liabilities, costs, and expenses.

4. Every dollar Removing Defendants expend defending this action creates a direct, immediate claim against the bankruptcy estate. The outcome of this proceeding will unquestionably affect estate administration.

**B. Removal Under 28 U.S.C. § 1452**

5. Section 1452(a) authorizes removal of "any claim or cause of action in a civil action" to the district court "if such district court has jurisdiction of such claim or cause of action under section 1334." Unlike general removal, bankruptcy removal under § 1452 requires neither complete diversity nor any minimum amount in controversy. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995).

**C. The Automatic Stay Extends to Removing Defendants**

6. Federal courts consistently extend the automatic stay to protect non-debtor co-defendants when their liability is inseparable from the debtor's indemnification obligations.

7. In *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), the court held that the automatic stay extends to non-bankrupt co-defendants when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant" or when indemnification obligations create identity of interest.

8. The Fifth Circuit reached the same result in *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995), holding that "when a plaintiff files suit against a party other than the debtor, the stay applies if the suit is, in essence, against the debtor or estate."

9. The Third Circuit in *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1991), held: "Where officers and directors are entitled to indemnification from the debtor corporation, suits against them may be stayed because such suits, in reality, are against the debtor."

10. *See also In re American Film Technologies, Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994); *In re Family Health Services, Inc.*, 105 B.R. 937, 942-43 (Bankr. C.D. Cal. 1989); *In re Uni-Marts, LLC*, 399 B.R. 400, 416 (Bankr. D. Del. 2009).

## IV.

## THE STATE COURT LACKED JURISDICTION TO ADJUDICATE STAY APPLICABILITY

11. Only the bankruptcy court possesses jurisdiction to determine the applicability of the automatic stay or grant relief therefrom. 11 U.S.C. § 362(d). The Third Circuit confirmed in *Maritime Electric* that "state courts have no jurisdiction to grant relief from stay." 959 F.2d at 1204.

12. Actions taken in violation of the automatic stay are void ab initio. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982).

13. The state court's November 13, 2025 Order is void for lack of subject matter jurisdiction.

## V.

## THE STATE COURT MISAPPLIED PUIG

14. The state court relied on *Puig v. PADC Marketing, LLC*, 26 So. 3d 45 (Fla. 3d DCA 2009), but that case is distinguishable.

15. *Puig* involved a guarantee—a secondary, contingent obligation. Removing Defendants' indemnification agreements are primary and automatic. The moment a claim is filed, indemnification is triggered.

16. Moreover, *Puig* expressly recognized that "unusual circumstances" justify stay extension "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." 26 So. 3d at 47. This case presents those unusual circumstances.

## VI.

## VENUE

17. Venue is proper in this district under 28 U.S.C. § 1441(a). The state court action is pending in Miami-Dade County, within the Southern District of Florida.

## VII.

## PROCEDURAL REQUIREMENTS

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendants are attached as Composite Exhibit A.

19. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will promptly file a copy of this Notice with the state court clerk and serve written notice upon all adverse parties.

## VIII.

## RELIEF REQUESTED

WHEREFORE, Removing Defendants respectfully request that this Court:

1. Accept removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;
2. Refer this proceeding to the appropriate Bankruptcy Court as "related to" the pending bankruptcy case pursuant to 28 U.S.C. § 157;
3. Declare that the automatic stay extends to Removing Defendants;
4. Vacate the state court's November 13, 2025 Order as void;
5. Stay all proceedings pending resolution of the bankruptcy case; and
6. Grant such other relief as is just and proper.

Respectfully submitted,

/s/ Gabriel Bar Shany

**GABRIEL BAR SHANY**

Pro Se Defendant

323 Sunny Isles Blvd., 7th Floor

Sunny Isles Beach, FL 33160

Telephone: (305) 890-1334

Email: gabi@dealestate.ai

/s/ Bella Cohen

**BELLA COHEN**

Pro Se Defendant

323 Sunny Isles Blvd., 7th Floor

Sunny Isles Beach, FL 33160

Email: bella@dealestate.ai

/s/ Shani Bar

**SHANI BAR**

Pro Se Defendant

323 Sunny Isles Blvd., 7th Floor

Sunny Isles Beach, FL 33160

Email: shani@dealestate.ai

Dated: November 26, 2025