**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25577-CIV-D'ANGELO**

**JENNIFER SAFKEN and**
**CHRISTOPHER SAFKEN,**

**Plaintiffs,**

**vs.**

**BELLA COHEN, et al.,**

**Defendants.**
______________________________/

**ORDER GRANTING MOTION TO REMAND**

**THIS CAUSE** is before the Court on two motions: (1) Defendants Bella Cohen, Gabriel Bar Shany, and Shani Bar's Motion to Transfer Venue to the United States District Court for the Southern District of New York filed on December 4, 2025 (DE 6), and (2) Plaintiffs Jennifer Safken and Christopher Safken's Motion to Remand filed on December 26, 2025 (DE 10).[1]

[1] Pursuant to Administrative Order 2025-11 ("Administrative Order"), the undersigned United States Magistrate Judge has been assigned as the presiding judge for all purposes in this case, including entering a dispositive order and final judgment. On December 1, 2026 the Court issued its Order on Jurisdiction, notifying the Parties that at their election, they had fourteen (14) days to request reassignment to a United States District Judge to preside over this case (DE 4). The Order further stated, "A party's continued filing of documents in the case without filing a timely motion for case reassignment shall be deemed as consent by that party to the jurisdiction of the undersigned Magistrate Judge over all aspects of the litigation . . . ." (*id.* at 2 n.2). No party requested reassignment. Rather, both Parties continued to submit filings in this case (*see* DE 6, 8). On December 19, 2025, the Court issued a Second Order Regarding Jurisdiction, again informing the Parties that "[a]ny party is free to opt out of the Magistrate Judge's jurisdiction without any adverse consequences[,]" and "[a] party's continued filing of documents in the case without filing a timely motion for case reassignment shall be deemed as consent by that party to the jurisdiction of the undersigned Magistrate Judge . . . ." (DE 9 at 1-2, n.2). The Parties have continued litigate in front of the undersigned Magistrate Judge for approximately eight months with affirmative filings, responses to motions, and no request for reassignment to a District Judge. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (holding a party's consent to the Magistrate Judge's jurisdiction

Plaintiffs filed a Response in Opposition to the Motion to Transfer on December 18, 2025 (DE 8). With respect to Plaintiffs' Motion to Remand, no Defendant filed any response in opposition, and the deadline to do so expired. Having considered the Motion, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is hereby **ORDERED and ADJUDGED** that Plaintiffs' Motion to Remand (DE 10) is **GRANTED.**

## I. PROCEDURAL POSTURE

On March 17, 2025, Plaintiffs filed an action against Defendants Bella Cohen, Gabriel Bar Shany, Shani Bar, Magicsoft GRP, Inc., Infinite Capital Growth Management, LLC, Sridhar Sannidhi, Ash Shah, Javier Pineyro in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida based on Plaintiffs' payment of funds to Defendants for a real estate syndication investment (DE 1-2; DE 10 at 3). According to Plaintiffs, "Defendants made fraudulent claims and representations to Plaintiffs regarding, including and not limited to, their investment portfolio, experience, capitalization, board of directors, and ability to syndicate" and then misappropriated Plaintiffs' funds (DE 10 at 3-4). Plaintiffs asserted eleven causes of action, including Florida Racketeer Influenced Corrupt Organizations Act ("Florida RICO") claims for violations of Florida Statute Section 895.03 in Counts I and III, violations of the Florida Communications Fraud Act, Florida Statute Section 817.034, in Count II, Fraud in the Inducement in Count IV, Declaratory Judgement for Rescission in Count V, Alternative Declaratory Judgement to Declare the Contract Void in Count VI, Breach of Fiduciary Duty in Count VII, Civil Theft in Count VIII, Unjust Enrichment in Count IX, Promissory Estoppel in Count X, and Breach of Contract in Count XI

under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after they ha[ve] been told of their right to be tried by a district judge").

(DE 1-2 at 8-19). Plaintiffs obtained a Default Judgment against Magicsoft Grp, Inc. d/b/a DealEstate.AI and/or BeBelong on July 2, 2025 (DE 10 at 4).

In August 2025, alleged creditor Aron Berlin commenced an involuntary Chapter 7 proceeding against Magicsoft Group, Inc. in the United States Bankruptcy Court for the Southern District of New York, Case No. 25-35888-KYP (*id.* at 5; DE 1 at 3). Magicsoft—the corporate Defendant against which Plaintiffs have already obtained a default judgment—is the alleged debtor (*id.*). Defendants Shany, Cohen, and Bar are non-debtors (DE 10 at 10).

On November 26, 2025, Defendants Shany, Cohen and Bar removed this action to federal court pursuant to Title 28, United States Code, Section, Section 1452(a), asserting that it is "related to" the involuntary Chapter 7 bankruptcy proceeding pending against Magicsoft Group, Inc. in the Southern District of New York and therefore falls within this Court's bankruptcy jurisdiction under Title 28, United States Code, Section 1334(b) (DE 1 at 1, 3-4). Plaintiffs request that this Court abstain "from the exercise of federal jurisdiction and remanding this action to the state court pursuant to [Sections] 1334(c)(2), 1334(c)(1), and 1452(b), on the grounds that the federal court lacks personal jurisdiction, subject matter jurisdiction, and proper venue, and that removal was procedurally and substantively improper" (DE 10 at 2).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 424 (2026). Title 28, United States Code, Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district

where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). However, a party may oppose removal by filing a timely motion for mandatory abstention under Section 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). "The removing party 'bears the burden of proving that this Court has federal jurisdiction' and 'establishing compliance with removal statute requirements.'" *Ennix v. Abbott Lab'ys*, 794 F. Supp. 3d 1177, 1180 (S.D. Fla. 2024) (citation omitted). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted).

**III. DISCUSSION**

Plaintiffs argue that remand is required for several reasons. First, Plaintiffs contend that the Court lacks subject matter jurisdiction, because the case does not "arise under" or "arise in" and is not "related to" a case under Title 11 (DE 10 at 9-10). Specifically, the Court lacks "related to" bankruptcy jurisdiction, because the Complaint asserts exclusively state law claims against other, non-debtor Defendants, and any potential effect on the bankruptcy estate is too speculative to establish the requisite nexus (*id.*). Plaintiffs further contend that removal was untimely under Section 1446 and Federal Rule of Bankruptcy Procedure 9027 (*id.* at 12-13). Finally, Plaintiffs

argue that even if the Court possesses "related to" jurisdiction and removal was timely, mandatory abstention is required, because this is a non-core, state law proceeding that lacks an independent basis for federal jurisdiction and can be timely adjudicated in state court (*id.* at 9-11). Alternatively, Plaintiffs maintain that the interests of justice, comity, and respect for state law warrant permissive abstention by this Court (*id.*).

As an initial matter, Defendants failed to file a response to Plaintiffs' Motion to Remand. Defendants' failure to respond in opposition may be sufficient grounds to grant Plaintiffs' Motion by default under Local Rule 7.1(c). S.D. Fla. L.R. 7.1(c); *see also MJM Structural Corp. v. Columbus Apartments LLC*, No. 21-CIV-20601, 2021 WL 1777592, at *1 (S.D. Fla. Mar. 30, 2021) ("As a result of Defendants failure to respond to Plaintiff's motion to remand, Plaintiff's motion is hereby granted by default."). Defendants also waive any opposition to the Motion.

Nevertheless, even if the Court considers the merits of the Motion, remand is appropriate here. Because the Motion raises threshold jurisdictional questions, the Court addresses remand before considering Defendants' Motion to Transfer. *See In re Eight Adversary Proc. Removed From State Ct. by Johnson & Johnson*, 603 B.R. 849, 852 (Bankr. S.D. Fla. 2019) ("[T]his Court has previously held that the court to which an action is removed should consider the jurisdictional issues raised in remand motions before considering motions to transfer venue to the district where the underlying bankruptcy case is pending."); *Lennar Corp. v. Briarwood Cap. LLC*, 430 B.R. 253, 260–61 (Bankr. S.D. Fla. 2010) ("Deciding the jurisdictional issue first is consistent with the removal procedures in the statute.").

**a. Subject Matter Jurisdiction**

"Removal of th[is] case[] was proper under 28 U.S.C. § 1452(a) only if the federal court has jurisdiction under the bankruptcy provisions in 28 U.S.C. § 1334." *In re Eight Adversary*

*Proc. Removed From State Ct. by Johnson & Johnson*, 603 B.R. at 853. "That section grants jurisdiction over 'all civil proceedings arising under title 11 or arising in or related to cases under title 11'" *Id.* (quoting 28 U.S.C. § 1334(b)). "This provision creates jurisdiction in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999). In the Notice of Removal, Defendants invoke "related to" jurisdiction under Section 1334(b) and provide no other basis for federal subject matter jurisdiction (DE 1 at 4). Defendants assert that although Plaintiffs named Magicsoft GRP, Inc. as a Defendant, the GP Service Agreement attached to the Complaint identifies Magicsoft Group Inc.—the alleged debtor in the involuntary Chapter 7 proceeding— as the contracting party (*id.* at 3). They allege that each removing Defendant entered into an independent contractor agreement with Magicsoft Group Inc. requiring the company to defend and indemnify Defendants against claims arising from their work (*id.* at 4). Because the Complaint seeks to impose liability on the Defendants for conduct allegedly undertaken in connection with Magicsoft's operations, Defendants contend that their defense costs and any resulting indemnification obligations would create claims against the bankruptcy estate and affect its administration (*id.* at 3-5). On that basis, Defendants assert that this Court has "related to" jurisdiction under Section 1334(b), and removal was authorized under Section 1452(a) (*id.*).

Plaintiffs respond that the asserted indemnification obligations are merely potential and do not establish a sufficient nexus between this action and the bankruptcy estate, particularly because the claims against Defendants arise exclusively under Florida law, and the removing Defendants are not debtors (DE 10 at 9-10, 12). Plaintiffs emphasize that the adjudication of the claims against the non-debtor Defendants will not have a substantial effect on the bankruptcy estate (*id.*).

Alternatively, Plaintiffs contend that, even if those potential obligations are sufficient to establish "related to" jurisdiction, the Court must abstain under Section 1334(c)(2) (*id.*).

"For subject matter jurisdiction to exist there must be some nexus between the related civil proceeding and the Title 11 case." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990). The Eleventh Circuit has adopted the *Pacor* test for determining the scope of "related to" jurisdiction. *See Id.* at 788 ("We join the majority of the circuits that have adopted the *Pacor* formulation."). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). "In turn, a dispute could 'conceivably' affect the bankruptcy estate 'if the outcome could alter the debtor's rights, liabilities, options, or freedom of action,' or where the outcome affects 'the handling and administration of the bankrupt estate.'" *Fine Food Factory, Inc. v. Facilitrace LLC*, No. 24-CIV-61191, 2024 WL 4652127, at *3 (S.D. Fla. Nov. 1, 2024) (citing *Matter of Lemco Gypsum, Inc.*, 910 F.2d at 788). Neither party disputes that the *Pacor* test is the appropriate standard for determining whether jurisdiction exists under Section 1334(b) (DE 10 at 12; DE 1 at 4).

The allegations contained in the Notice of Removal that supply the basis for the Court's "related to" jurisdiction under Section 1334(b) state, "Each Removing Defendant is party to an Independent Contractor Agreement with Magicsoft Group Inc. containing mandatory indemnification provisions. These agreements require the corporate debtor to defend each contractor against all claims arising from their work and to indemnify them for all resulting liabilities, costs, and expenses" (DE 1 at 4). "In discussing the *Pacor* test, the Eleventh Circuit has emphasized the breadth of 'related to' jurisdiction by echoing the *Marcus Hook* court's focus

on the word 'conceivable.'" *Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1267 (M.D. Ala. 2002) (citing *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)). And "[a]t least two courts have held . . . that potential claims for indemnity or contribution against a debtor in bankruptcy can indeed give rise to bankruptcy jurisdiction under § 1334(b)." *Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1266 (M.D. Ala. 2002) (citing *Belcufine v. Aloe,* 112 F.3d 633, 636-37 (3d Cir.1997) and *In re Dow Corning Corp.,* 86 F.3d 482, 490-494 (6th Cir.1996)). Plaintiffs do little to address this contention, arguing only that "Defendants are not parties to the bankruptcy, and the claims arise solely under state law" (DE 10 at 12).

The Parties do not sufficiently address in any meaningful way potential claims under the indemnity agreement by the individual Defendant and what effect the agreement has, if any, on the bankruptcy proceedings. As the *Ret. Sys. of Alabama* court put it, "[T]he court is of the opinion that, at the very least, subject matter jurisdiction in this case is rather unclear. . . . [T]his question about subject matter jurisdiction gives the court great pause with regard to whether it should proceed with this case." 209 F. Supp. 2d at 1267. However, even if the asserted indemnification obligations are sufficient to satisfy the *Pacor* test and supply "related to" jurisdiction exists under Section 1334(b), the Court abstains from adjudicating this action under Section 1334(c)(2), as explained below.

**b. Timeliness of Removal**

The Notice of Removal states that removal was timely filed within thirty days from which the case first became removable under Section 1446(b)(3) (DE 1 at 2). Specifically, Defendants assert that the state court's November 13, 2025 Order finding that the bankruptcy stay did not apply to the non-debtor Defendants "constitute[d] 'other paper' that first rendered this case removable" (*id.*). On the other hand, Plaintiffs contend that removal was untimely under both

Section 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(2)(A) (DE 10 at 12-13). As to Section 1446(b), Plaintiffs argue that the Notice of Removal was filed nearly seven months after Defendants were served (*id.* at 13). Further, the state court's November 13, 2025 Order "did not make the case removable because it did not create diversity jurisdiction or federal question" (*id.*).

Defendants' Notice of Removal relies exclusively upon the thirty-day removal requirement in Section 1446(b)(3) to justify the timeliness of the removal (DE 1 at 2).[2] Defendants' Notice further states,

> The November 13, 2025 Order constitutes the 'other paper' that first rendered this case removable. Prior to that Order, the automatic stay was in full force and effect by operation of federal law, and Removing Defendants were prohibited from participating in the state court proceedings. The state court's Order – erroneous though it may be – purported to lift that prohibition and thereby created a federal question requiring resolution by the bankruptcy court.

(DE 1 at 2). Plaintiffs simply note that Defendants were served on April 30, 2025 (DE 10 at 13). Once again, neither Party sufficiently addresses the issue to enable the Court to make a determination on the merits. For example, neither Party addresses why, if Section 1446(b) supplies the correct deadline, earlier filings, such as the Notices of Bankruptcy Stay and the Chapter 7 involuntary petition against Magicsoft GRP, Inc., would not constitute filings from which it may first be ascertained that the case is one which has become removable. And if it was first ascertainable that this case became removable based on those documents filed in August 2025,

---

[2] The Eleventh Circuit has recognized a division of authority concerning whether section 1446(b) or Rule 9027 supplies the applicable deadline for bankruptcy-related removals. *See Christo v. Padgett*, 223 F.3d 1324, 1331, n.6 (11th Cir. 2000) ("Courts have split on whether 28 U.S.C. § 1446(b) (governing removals generally) or Bankruptcy Rule 9027 provides the appropriate time period for filing a notice of removal in cases related to a bankruptcy proceeding."); *see also Lewis v. Johnson & Johnson*, No. 19-CIV-230, 2019 WL 5294736, at *2 (M.D. Fla. July 3, 2019) ("The Eleventh Circuit did not answer the question as to which applies and there is no clear consensus among federal courts."). Because abstention counsels in favor remand even if the removal was timely, the Court need not resolve the source of the applicable removal deadline.

neither Party addresses how that impacts the timeliness of Defendants' Notice of Removal. Even if, however, the removal was timely, mandatory abstention requires remand.

**c. Mandatory Abstention**

Plaintiffs contend that even assuming this action falls within the Court's "related to" bankruptcy jurisdiction and removal was procedurally proper, the Court should remand this case to state court, because the mandatory abstention doctrine requires the Court to abstain from hearing the state law claims here (DE 10 at 9-11). Specifically, Plaintiffs argue that this action presents exclusively non-core, state law claims, no independent basis for federal jurisdiction exists, and the action was commenced and can be timely adjudicated in state court (*id.*).

The Eleventh Circuit has held that the mandatory abstention doctrine applies to state law claims that have been removed to federal court under Section 1452(a). *See Padgett*, 223 F.3d at 1331 ("We therefore hold that § 1334(c)(2) applies to state law claims that have been removed to federal court under § 1452(a)."). Under the mandatory abstention provision, upon the timely motion of a party, a court must abstain from a proceeding if: "(1) it is a non-core proceeding based on a state-law claim or cause of action; (2) the claim or cause of action has no independent basis for federal jurisdiction other than § 1334; and (3) an action has been commenced and can be timely adjudicated in state court." *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1383 (11th Cir. 2025). Where all factors are met, the Court must abstain from hearing the case and remand the matter to state court. *See In re RV Sales of Broward, Inc.*, No. 24-CIV-10741, 2026 WL 1477309, at *7 (Bankr. S.D. Fla. May 26, 2026) (finding remand was required where all prerequisites to Section 1334(c)(2) were met). The Court now turns to each of the prerequisites for mandatory abstention.

**i. This is a Non-Core Proceeding**

Plaintiffs argue that this action is a non-core proceeding, because every cause of action asserted in the Complaint arises under Florida statutory or common law, none involves a substantive right created by federal bankruptcy law, and each claim can be adjudicated independently of the bankruptcy case (DE 10 at 9). Courts are faced with core proceedings "[i]f the proceeding is one that would arise only in bankruptcy" or "involves a right created by the federal bankruptcy law." *In re Elec. Mach. Enters., Inc.*, 479 F.3d 791, 797 (11th Cir. 2007) (quotations and citation omitted). "A proceeding is not core '[if] the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy.'" *Id.*; *see also In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th at1382 (providing non-core proceedings "arise under state law or involve issues that exist independent of the bankruptcy action.").

This is a non-core proceeding. The conduct alleged in the Complaint occurred before the involuntary bankruptcy petition was filed, and Plaintiffs commenced this action approximately five months before that petition (DE 10 at 10). The Complaint asserts eleven causes of action arising exclusively under Florida law, including Florida RICO and Communications Fraud claims, as well as claims for fraudulent inducement, rescission, breach of fiduciary duty, civil theft, unjust enrichment, promissory estoppel, and breach of contract (DE 1-2 at 8-19). None of those claims invokes a substantial right created by federal bankruptcy law or depends upon the bankruptcy case for its existence. Instead, each claim could be adjudicated had no bankruptcy petition ever been filed. *See In re Dollar Time Grp., Inc.*, 223 B.R. 237, 240 (Bankr. S.D. Fla. 1998) (finding non-core proceeding where case involved state law cause of action for breach of fiduciary duty, the events giving rise to the claim occurred approximately two years before bankruptcy was filed, and

the cause of action could have been pursued even if the Debtor was not in bankruptcy); *In re Artecity Mgmt., LLC*, No. 10-31406, 2010 WL 4340110, at *3 (Bankr. S.D. Fla. Oct. 25, 2010) (finding non-core proceeding where "[t]he claims asserted in the State Court Action are all state law claims that could have existed, and did exist, in the State Court independent of the bankruptcy."). Thus, the first prerequisite for mandatory abstention is satisfied.

**ii. There is No Independent Basis for Subject Matter Jurisdiction**

Plaintiffs argue that the second requirement is satisfied, because this action could not have commenced in federal court absent the alleged bankruptcy jurisdiction under Section 1334 (DE 10 at 10-11). Plaintiffs further note that Defendants' Notice of Removal solely alleges bankruptcy jurisdiction under Section 1334 as the basis for removal, and any reference to diversity jurisdiction under Section 1332 or federal question jurisdiction under Section 1331 is notably absent (*id.* at 8). Indeed, there is no suggestion that complete diversity exists between the Parties, and an independent review of the Complaint reveals that there are no federal causes of action. As discussed above, the Complaint asserts eleven causes of action arising exclusively under Florida statutes or common law (DE 1-2 at 8-19). Additionally, the Complaint alleges that both Plaintiffs and Defendants are citizens of Florida (*id.* at 1-20). Moreover, Plaintiffs correctly point out that Defendants' Notice of Removal makes no reference to Sections 1331 or 1332 and alleges no facts to support a finding of either federal question or diversity jurisdiction. As such, there is no independent basis for federal jurisdiction.

**iii. The Matter Can Be Timely Adjudicated in State Court**

Lastly, Plaintiffs argue that this action can be timely adjudicated in state court, because it was pending for more than eight months before removal (DE 10 at 9, 13). According to Plaintiffs, the state court had already devoted substantial attention to the Parties' claims and defenses (*id.* at

4-5, 9). Plaintiffs emphasize that the state court had conducted multiple hearings, ruled on the individual Defendants' motion to dismiss, determined the applicability of the automatic stay, and directed the individual Defendants to answer the Complaint (*id.*).

The last element under mandatory abstention asks whether the case "can be timely adjudicated" in the state court. 28 U.S.C. § 1334(c)(2). "Although the burden is on the Plaintiffs to establish this element, meeting the burden does not require convincing proof that the case will be tried sooner in the state court than in federal court." *Lennar Corp.*, 430 B.R. at 265 (citation omitted). Rather, in analyzing this element, courts consider several factors, including: "(1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court at time of removal; (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the bankruptcy case is a reorganization or liquidation." *Id*.

By the time of removal, this action had been pending in state court for more than eight months, and the state court had acquired substantial familiarity with the Parties and the issues presented (DE 10 at 3-6).[3] The record reflects that a final default judgment had been entered against corporate Defendant Magicsoft Grp., Inc. on July 2, 2025 (*id.* at 4). The state court thereafter denied the individual Defendants' motions to dismiss, and the resulting interlocutory appeal was dismissed (*id.* at 5). Most recently, on November 13, 2025, the state court determined that the automatic stay did not extend to the individual Defendants, denied Plaintiffs' renewed motion for default against those Defendants, denied the individual Defendants' cross-motion to

---

[3] The Court may take judicial notice of the underlying state court action. *See e.g.*, *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) ("The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts under Rule 201.").

dismiss, and directed them to answer within twenty days (*id.*). The individual Defendants removed the action on November 26, 2025, before that deadline to answer expired (*id.*).

Although the claims against the removing Defendants had not reached trial, the state action was no longer in its infancy. The state court had repeatedly considered the parties' arguments and positioned the case to proceed beyond the pleading stage. Moreover, the Complaint presents exclusively Florida law claims, and nothing in the record indicates that permitting the state action to proceed would delay or otherwise adversely affect the administration of the bankruptcy estate.[4] *See In re United Container LLC*, 284 B.R. at 175-76 (finding proceedings "can be timely adjudicated in the state court because there is no compelling evidence or argument that administration of the estate will be impaired by remanding the proceedings to that forum."); *In re Talisman Marina, Inc.*, 385 B.R. 338, 342 (Bankr. M.D. Fla. 2008) (finding the case could be timely adjudicated in state court and noting that the state court judge was "intimately familiar with claims and issues involved in the case."). The record reinforces the conclusion that this action can be timely adjudicated in state court. In sum, because each prerequisite has been established, this Court is required to abstain from hearing this matter under Section 1334(c)(2).

**d. Permissive Abstention**

Even when mandatory abstention is not required, courts may decline to consider certain matters under the doctrine of permissive abstention pursuant to Section 1334(c)(1). "Under that section, the Court has broad discretion to abstain from hearing a proceeding 'in the interest of justice, or in the interest of comity with State courts or respect for the State law.'" *In re SOL, LLC*,

---

[4] The Court takes judicial notice that, after this action was removed, the United States Bankruptcy Court for the Southern District of New York entered an Order on September 3, 2026, imposing sanctions on the petitioning creditors and dismissing the involuntary bankruptcy case as a bad faith filing. *See In re Magicsoft Group Inc.*, No. 25-35888-KYP, (DE 28) (Bankr. S.D.N.Y. Sept. 3, 2026). The docket reflects that the Magicsoft bankruptcy case was closed that same day. *Id.*

419 B.R. 498, 508 (Bankr. S.D. Fla. 2009); *see also In re Nassau Dev. of Vill. W. Corp.*, 547 B.R. 857, 861 (Bankr. S.D. Fla. 2016) ("Sections 1134(c)(1) and 1452(b), [T]itle 28, United States Code, give this Court broad discretion to abstain from and remand state court proceedings in the interests of comity or on equitable grounds."). "Similarly, this Court has the statutory authority to equitably remand these proceedings under 28 U.S.C. § 1452(b). . . . Since the discretionary abstention and equitable remand doctrines are similar, courts considering relief under these sections consider similar factors." *In re United Container LLC*, 284 B.R. at 176 (citations omitted).

In evaluating whether to invoke permissive abstention and equitable remand, the Court looks to the following factors: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involve forum shopping by one of the parties; (11) the existence of a right to jury trial; (12) the presence in the proceedings of non-debtor parties; (13) comity; and, (14) the possibility of prejudice to other parties in the action. *In re Nassau Dev. of Vill. W. Corp.*, 547 B.R. at 861-62.

Even if mandatory abstention were not required here, the Court would exercise its discretion to abstain under Section 1334(c)(1). For substantially the same reasons discussed above, the relevant factors overwhelmingly favor abstention. *See In re United Container LLC*, 284 B.R.

at 177 (finding permissive abstention appropriate where state law issues predominate proceedings, all parties in the proceedings were non-debtors, and no federal jurisdictional basis other than related to jurisdiction under Section 1334 existed). This is a non-core proceeding consisting exclusively of Florida law claims, no basis for federal jurisdiction exists apart from Section 1334, and the claims' connection to the bankruptcy is, at most, limited to their potential effect on the bankruptcy estate based on the indemnification agreement. The action was pending in state court for more than eight months, during which the state court conducted multiple hearings, resolved several substantive motions, and acquired familiarity with the Parties and issues (DE 10 at 3-6). Plaintiffs have demanded a jury trial, and most of the Parties—including the removing Defendants—are non-debtors (DE 1-2 at 20; DE 10 at 5). Finally, nothing in the record suggests that allowing the action to proceed in state court would impede the efficient administration of the bankruptcy estate. Under these circumstances, the interests of justice, judicial economy, comity, and respect for state law independently warrant permissive abstention and equitable remand.

Plaintiffs also request an award of attorney's fees and costs incurred as a result of removal (DE 10 at 15). Section 1447(c) permits a district court to award attorney's fees after remanding a case to state court. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). However, "[w]hether a court awards attorneys' fees when remanding a case is a matter of that court's discretion." *Segura v. Cont. Freighters, Inc.*, No. 21-CIV-60945, 2021 WL 2632142, at *2 (S.D. Fla. June 27, 2021). Here, Defendants' asserted indemnification obligations supplied a reasonable basis for invoking "related to" bankruptcy jurisdiction. *See Exclusive Grp. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 24-10593, 2024 WL 4867141, at *3 (11th Cir. Nov. 22, 2024) ("[W]hen an objectively reasonable basis [for removal] exists, fees

should be denied.”). The Court therefore declines, in its discretion, to award Plaintiffs’ attorney’s fees and costs.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiffs’ Motion for Remand (DE 10) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. The Clerk of Court is respectfully directed to **CLOSE** this case and deny all pending motions as **MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on this 4th day of September, 2026.

Ellen D'Angelo

ELLEN F. D’ANGELO
UNITED STATES MAGISTRATE JUDGE

cc: *Pro se* Defendant Bella Cohen
*Pro se* Defendant Gabriel Bar Shany
*Pro se* Defendant Shani Bar
*Pro se* Defendant Magicsoft GRP, Inc.
*Pro se* Defendant Infinite Capital Growth Management, LLC
*Pro se* Defendant Sridhar Sannidhi
*Pro se* Defendant Ash Shah
*Pro se* Defendant Javier Pineyro
All Counsel of Record